IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CORA LEE PITTS                                                              PLAINTIFF

v.                          Civil No. 5:22-cv-05039

OFFICER ANDREW BYRNES,
Fayetteville Police Department (FPD);
OFFICER PHILLIP CROSBY, FPD;
OFFICER PAGE SUMMERS, FPD;
OFFICER NATALIE EUCCEE, FPD; and
OFFICER KYLE JENEY, FPD                                                   DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Cora L. Pitts ("Pitts"), currently an inmate of the Washington County Detention Center ("WCDC"), filed this civil rights action under 42 U.S.C. § 1983.   Pitts proceeds *pro se* and *in forma pauperis* ("IFP").   Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2).   Pursuant to § 1915(e)(2), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.        BACKGROUND

Pitts maintains her constitutional rights were violated when she was arrested on seven separate occasions between December 14, 2017, through July 24, 2019.   (ECF No. 1 at 4-8).   On December 14, 2017, Pitts says she was arrested by Officer Byrnes for public intoxication without a breathalyzer or any other sobriety test.   *Id.* at 4.   An unknown caller apparently brought her to

1

the attention of the police.   *Id.*   Pitts says no report was filed about the call.   *Id.*   Pitts maintains Officer Byrnes did not have probable cause to arrest her.   *Id.*   Pitts believes she was the subject of harassment.   *Id.*

The next arrest was made by Officer Crosby on March 8, 2018.   (ECF No. 1 at 6).   A caller led Officer Crosby to her.   *Id.*   Pitts says she was in no immediate danger and was not a danger to others.   *Id.*   She was arrested for public intoxication without a breathalyzer or other type of sobriety test.   *Id.*   Pitts maintains the arrest was made without probable cause.   *Id.*   Pitts believes she was the subject of harassment.   *Id.* at 7.

On March 21, 2018, Pitts was arrested by Officer Summers for criminal trespass.   (ECF No. 1 at 7).   Pitts reports that she was in her "own leased apartment" when she was awoken from her sleep, told to produce her lease, and then told she had been evicted.   *Id.*   Pitts maintains the eviction was illegal and she was shown no eviction papers.   *Id.*   Pitts states she had nowhere to go and was forced into poverty and homelessness.   *Id.* at 8.   She says she has suffered both mentally and physically.   *Id.*   Pitts maintains the eviction was the result of a prank call.   *Id.*   She asserts she was falsely arrested and subjected to harassment.   *Id.*

On November 1, 2018, Pitts was arrested for public intoxication by Officer Summers. (ECF No. 1 at 10).   Police were alerted by a caller.   *Id.*   No report was taken from the caller.   *Id.* Pitts maintains she was not given a breathalyzer or any other type of sobriety test.   *Id.*   Pitts asserts the arrest was not based on probable cause and was the result of harassment.   *Id.*

The next arrest occurred on April 20, 2019.   (ECF No. 1 at 11).   After having received a call about Pitts, Officer Euccee arrested her for public intoxication.   *Id.*   Pitts says she was given no sobriety tests; there was no probable cause for her arrest; and the arrest was based on

harassment.  *Id.*

Pitts was again arrested by Officer Euccee on May 11, 2019.  (ECF No. 1 at 11).  Pitts was apprehended based on a report from a caller.  *Id.* at 12.  Pitts does not allege what she was charged with on this occasion.  *Id.* at 12.  However, she does assert the arrest was made without probable cause and based on harassment.  *Id.*

The final arrest occurred on July 24, 2019.  (ECF No. 1 at 12).  Pitts was arrested by Officer Jeney for public intoxication.  *Id.* at 12-13.  Pitts says the arrest was made following a call from an unnamed individual.  *Id.* at 13.  She indicates she was given no sobriety tests.  *Id.* at 12.  She maintains there was no probable cause for her arrest.  *Id.* at 13.  She claims the arrest was based on harassment.  *Id.*

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro*

*se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.   In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).   There is no question that Defendants were acting under color of law in connection with their encounters with Pitts.

### A.  Statute of Limitations

In this case, a threshold issue is whether some of Pitts' claims are barred by the statute of limitations.   Section 1983 does not contain its own statute of limitation.   Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985).   In Arkansas, this is the three-year personal injury statute of limitations found in Ark. Code Ann. § 16-56-105(3).   *See Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014).   It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up); *see also Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("accrual occurs when the plaintiff can file suit and obtain relief").

This case was not filed until March 7, 2022, thus any claims arising before March 7, 2019, would be barred by the statute of limitations.   This bars Pitts' claims regarding the first four

arrests—December 14, 2017, March 8, 2018, March 21, 2018, and November 1, 2018.   This includes all arrests made by Officers Byrnes, Crosby, and Summers.

### B.  Official Capacity Claims

A plaintiff may bring a § 1983 claim against a public official acting in his individual capacity, his official capacity, or both.  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Here, Pitts has sued Defendants only in their official capacities.   An official capacity claim is considered a claim against the governmental entity, here, the City of Fayetteville.  *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 669 (8th Cir. 2012).   That is, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).   To prevail on an official capacity claim, Pitts must establish the City of Fayetteville's liability for the alleged misconduct.  *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Read in the light most favorable to Pitts, the Complaint asserts a claim that there is a pattern of harassing or arresting her without probable cause.   Pitts admits in each instance officers had received calls which led them to her.

There are three ways in which Pitts may prevail on the official capacity claims.   Municipal liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Here, Pitts' allegations fall within the second method of establishing official capacity liability, *i.e.*, that there was an unofficial custom of arresting her without probable cause.

[A] plaintiff may establish municipal liability through an unofficial custom of the
municipality by demonstrating (1) the existence of a continuing, widespread,

persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016) (cleaned up).

The first element requires a persistent pattern of unconstitutional misconduct. "To trigger municipal liability based on unofficial municipal custom, the custom must be so pervasive among non-policymaking employees of the municipality that it effectively has the force of law." *Bolderson v. City of Wentzville*, 840 F.3d 982, 986 (8th Cir. 2016) (cleaned up). While an unconstitutional custom claim may not be predicated on a single act, there is no set or minimum number of incidents required to establish a pattern of unconstitutional conduct. *Id.*; *see e.g., Mettler v. Whitledge*, 165 F.3d 1197, 1204-05 (8th Cir. 1999) (at the summary judgment phase finding 15 prior incidents to be insufficient). At the pleading stage, the Complaint must "[a]t a minimum . . . allege facts which would support the existence of an unconstitutional . . . custom." *Doe ex re. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, only three arrests fall within the applicable statute of limitations. The three arrests occurred within a four-month period and involved two different officers. All three arrests were made as a result of complaints made by members of the public. The Court believes this is insufficient to allege a plausible pattern of unconstitutional conduct.

Moreover, Pitts has made no factual allegations which would establish a policymaker had actual knowledge or notice of the "unconstitutional acts by subordinates—a required element of each claim—nor did [Pitts advance any facts] from which such knowledge could be inferred." *Mick v. Raines*, 883 F.3d 1075, 1078 (8th Cir. 2018) (citing *Livers v. Schenck*, 700 F.3d 340, 355

(8th Cir. 2012) (A supervisor may be liable under § 1983 only if he had "notice of a pattern of unconstitutional acts committed by subordinates")).   Pitts has asserted no plausible official capacity claims.

## IV.   CONCLUSION

For these reasons, it is recommended that:

(1)  the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and,

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of March 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE